UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | NO. 3:CR-18-379 |
| --- | --- | --- |
| v. | : | (JUDGE MANNION) |
| VINCENT JOHN INGINO,<br>Defendant | : | Electronically Filed |

# MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE REGARDING INTENT TO USE 404(b) TYPE EVIDENCE

COMES NOW, David J. Freed, U.S. Attorney, and Michelle Olshefski, Assistant U.S. Attorney, and submit the following in support of its motion in limine regarding intent to use 404(b) type evidence.

The proffered communications involving text messages evidence the pre-existing and ongoing buyer/seller relationship between Patrick and the defendant, and also evidence that the defendant was a frequent and reliable source of drugs for Patrick. The texts show that the defendant did not share heroin with Patrick – he sold heroin to him. The proffered evidence shows that the defendant tried to conceal his drug dealing from his girlfriend Lindsay Hartman, a Government witness. The texts corroborate the defendant's statements involving his travels to New Jersey to re-up and that Patrick was aware that the defendant travelled to New Jersey to score a supply of drugs to sell. The texts corroborate other physical and testimonial evidence as well.

Moreover, the defendant admitted in an audio recorded interview with law enforcement that he had prior heroin buyer/seller relationships with both Patrick

and Ryan and described those relationships. The defendant's prior buyer/seller relationship with both victims ultimately facilitated the commission of the charged crimes.

The noticed evidence is intrinsic to the case on trial and all of the prior drug transactions are necessary preliminaries to the crimes charged. Evidence of prior buyer/seller relationships between the defendant and the victims show a course of conduct which ultimately resulting in the death of Patrick and Ryan. Evidence of other uncharged misconduct, which directly proves the charged offense is not evidence of some "other" crime. For these reasons, it is the Government's position that the noticed evidence is intrinsic to the crimes charged.

In the Third Circuit, evidence is intrinsic, and thus, not subject to a Rule 404(b) analysis, if it fits into either of two narrow categories. Evidence is intrinsic if the evidence directly proves the charged offense. *Id.* (citing *United States v. Cross,* 308 F.3d 308, 320 (3d Cir.2002); *United States v. Gibbs,* 190 F.3d 188, 218 (3d Cir.1999); *see also United States v. Benjamin,* 125 F. App'x 438, 441 (3d Cir.2005). Evidence of uncharged misconduct, which directly proves the charged offense is not evidence of some "other" crime. *United States v. Green,* 617 F.3d 233, 249 (3d Cir. 2010)(citing *Gibbs,* 190 F.3d at 218). Evidence is also intrinsic if it constitutes "uncharged acts performed contemporaneously with the charged crime that 'facilitate the commission of the charged crime." *United States v. Shelow,* No. 10–

0037, 2011 WL 6130974, at *3 (E.D.Pa. Dec.9, 2011) (quoting *Green,* 617 F.3d at 249).

The proffered evidence is also admissible pursuant to Rule 404(b) because the evidence is not offered to show propensity. It is offered for permissible purposes. The evidences demonstrates the ongoing relationships; the prior drug transactions place the final drug transaction between the defendant and the victims in context; identity; intent; opportunity; and knowledge, all of which will be the Government's burden to prove. As such, the proffered evidence is properly admitted under Rule 404(b).

Federal Rule of Evidence 404(b) prohibits the use of other uncharged misconduct "in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). To be admissible under Rule 404(b), evidence must: (1) have a proper evidentiary purpose; (2) be relevant under Federal Rule of Evidence 402; (3) contain a probative value that outweighs its prejudicial effect under Federal Rule of Evidence 403; and (4) be accompanied by an appropriate limiting instruction.[1] *See United States v.*

---

[1] Federal Rule of Evidence 105 provides that "[i]f the court admits evidence that is admissible against a party or for a purpose—but not against another party

3

*Huddleston,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *United States v. Scarfo,* 850 F.2d 1015, 1019 (3d Cir.1988). Evidence extrinsic to the charged conduct must be analyzed under the Rule 404(b). *United States v. Green,* 617 F.3d 233, 245 (3d Cir.2010).[2]

The Third Circuit has also held that evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct. In *United States v. Lee*, 573 F.3d 155, 166-67 (3d Cir. 2009), the Third Circuit bluntly stated that "[the defendant's] prior drug trafficking conviction was properly admitted as evidence that [the defendant] intended to distribute any drugs in his possession." Again in *United States v. Staten*, 181 F. App'x. 151, 153-55 (3d Cir. 2006) (unpublished), a panel of the Third Circuit stated that, "[w]here intent is an essential element of the crime charged, we have reasoned that evidence of prior similar conduct is relevant to show intent because as a matter of logic, it is at least marginally more likely that [a] defendant acted intentionally if he had previous experience with the same or similar conduct." 181 F. App'x at 155. In *United States v. Jackson*, 2015 WL

---

or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury." Fed.R.Evid. 105.

[2] The purpose of Rule 404(b) is "simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person." *Green,* 617 F.3d at 249 (quoting *United States v. Taylor,* 522 F.3d 731, 735–36 (7th Cir.2008)).

5601189, *3-4 (3d Cir. 2015), the Third Circuit stated, "we have held that evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct."

In light of the above and because the evidence is offered for non- propensity purposes, the proffered evidence is properly admitted under Rule 404(b). Moreover, the evidence will further assist the jury to understand the narrative of the facts leading up to the charged offenses.

Under Fed.R.Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice; confusing the issues; misleading the jury; undue delay; wasting time; or needlessly presenting cumulative evidence." None of those considerations are present in this context. The probative value is not outweighed by any of the considerations of Rule 403. "Rule 403 does not provide a shield for defendants who engage in outrageous acts ... It does not generally require the Government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.'" *United States v. DeMuro,* 677 F.3d 550, 559 (3d Cir.2012) (quoting *United States v. Gartmon,* 146 F.3d 1015, 1021(D.C.Cir.1998)).

WHEREFORE, the Government respectfully requests that the Court permit the Government to introduce the proffered evidence.

Respectfully submitted,

DAVID J. FREED
United States Attorney

By: /s/ Michelle L. Olshefski
MICHELLE L. OLSHEFSKI
Assistant U.S. Attorney

Dated: January 9, 2020

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:CR-18-379 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| VINCENT JOHN INGINO, | : | Electronically Filed |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of January, 2020, I caused the foregoing "**Government's Memorandum of Law in Support of Motion in Limine and Notice of Intent to Use 404(b) Type Evidence**" to be served upon Shelley Centini, Esquire, counsel of record for the defendant, and that Attorney Centini is a filing user under the ECF system.

/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant U.S. Attorney