# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 3:18-379** |
| **VINCENT JOHN INGINO** | : | **(JUDGE MANNION)** |
| Defendant | : | |

## MEMORANDUM

Presently before the court is the government's motion *in limine* regarding intent to use Rule 404(b)-type evidence at trial. For the reasons set forth below, the government's motion, (Doc. 55), will be **GRANTED IN PART** and **DENIED IN PART**.

### I.  BACKGROUND

On November 13, 2018, Vincent John Ingino ("Ingino") was indicted on two counts of distribution and possession with intent to distribute a controlled substance. (Doc. 1). The charges stem from alleged drug transactions that resulted in the death of two individuals, Patrick Pasquariello ("Pasquariello") and Ryan Donahue ("Donahue"), on August 11, 2018, and August 12, 2018, respectively. (Doc. 1). Ingino pleaded not guilty to the charges against him on November 26, 2018. (Doc. 11).

On March 25, 2019, Ingino filed a motion to suppress statements he made to police on September 17, 2018. (Doc. 22). On July 15, 2019, this court held a hearing on the suppression motion. (Doc. 32). By memorandum and order dated November 14, 2019, the court denied the motion to suppress. (Doc. 36; Doc. 37).

On December 19, 2019, Ingino filed a motion *in limine*, (Doc. 43), seeking to suppress certain photographs, which the court granted in part and denied in part by memorandum and order dated January 9, 2020.[1] That same day, the government filed the present motion *in limine*, (Doc. 55), and brief in support, (Doc. 56). Ingino filed a brief in opposition on January 13, 2020. (Doc. 57). The matter is now ripe for this court's review.

## II. STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa.

---

[1] On December 18, 2019, Ingino also filed a motion *in limine* seeking to suppress certain statements he made during his September 17, 2018 interview with the Pennsylvania State Police. (Doc. 41). The court denied this motion and set forth its reasoning on the record during a final pre-trial conference held on December 19, 2019.

2017). On a motion *in limine,* evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D.Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

### III. DISCUSSION

The government's motion indicates that it intends to introduce text messages between Ingino and Pasquariello, as well as a recorded conversation between Ingino and Hartman on August 28, 2018, (after the deaths of both Pasquariello and Donahue), wherein Ingino told Hartman that "she needed to come home so he could use her car to drive to Jersey," and that "he had a 'kid' waiting for him." (Doc. 55, at 2). The government also indicates that it intends to introduce evidence that Hartman was found in

possession of heroin at the time of an interview with law enforcement on August 28, 2018, and that Hartman admitted Ingino "provided her with heroin prior to *and subsequent to* the deaths of Patrick [Pasquariello] and Ryan [Donahue]." (Doc. 55, at 3) (emphasis added).

The government's brief, however, appears to address only the text message evidence, and not the Hartman evidence. As to the text message evidence, the government represents that it will show the following: a buyer/seller relationship existed between Ingino and Pasquariello for at least two months prior to Pasquariello's death; Ingino sold drug to, not shared drugs with, Pasquariello; Ingino was a frequent and reliable source of drugs for Pasquariello; Ingino attempted to conceal his drug dealing from his girlfriend, Lindsay Hartman ("Hartman"); and Pasquariello was aware that Ingino travelled to New Jersey to obtain the drugs he sold. (Doc. 56). The government contends that this evidence is intrinsic and not subject to a Rule 404(b) analysis because "all of the prior drug transactions are necessary preliminaries to the crimes charged." (Doc. 56, at 2).

Even if not intrinsic, the government argues that this evidence is permissible under Rule 404(b) because it is not being offered to show propensity but context, identity, opportunity, and knowledge. More

specifically, it argues that it seeks to introduce this evidence to show the prior buyer/seller relationship between the Ingino and the victims, to show a course of conduct that resulted in the victims' deaths, and to assist the jury in understanding the narrative of the facts that led up to the charged offenses, which are non-propensity purposes.

In response, with regard to the text message evidence, Ingino emphasizes that the indictment is specific as to the dates of the alleged crimes and, therefore, the only issue at trial is whether the government can prove beyond a reasonable doubt that the drugs he delivered to Pasquariello and Donahue during the time frame set forth in the indictment were the "but for" causes of their deaths. Ingino contends that the text messages are not intrinsic evidence because they do not directly prove that the drugs Ingino allegedly sold to the victims were the "but for" causes of their deaths and because drug transactions completed months before the alleged crimes are not "contemporaneous." Finally, Ingino argues that any marginal relevance of this evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, and misleading the jury under Rules 401, 402, and 403.

Ingino also addressed the Hartman evidence in his brief, arguing that any evidence he provided drugs to her, or attempted to conceal things from her, serves no legitimate evidentiary purpose and would function only to prove his propensity to deal drugs. He further argues that any evidence that he attempted to conceal drug dealing from Hartman is inappropriate character evidence under Rule 608(a) as it relates to his character truthfulness or untruthfulness.

Evidence is intrinsic if it fits into one of two "narrow categories" of evidence: (1) it directly proves the charged offense; or (2) it is uncharged misconduct "performed contemporaneously with the charged crime" that "facilitate[d] the commission of the charged crime." *United States v. Green*, 617 F.3d 233, 248-49 (3d Cir. 2010).

Even if evidence is not intrinsic, it may nonetheless be admissible under Rule 404(b), which precludes the admission of other crimes, wrongs, or acts "to prove the character of a person in order to show conformity therewith," but which permits such evidence when offered for legitimate evidentiary purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Fed.R.Evid. 404(b).

Such evidence is admissible under Rule 404(b) if (1) it has a proper purpose under Rule 404(b); (2) it is relevant under Rules 401 and 402; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court charges the jury to consider it only for the limited purpose for which it is admitted. *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

Initially, with regard to the text message evidence, the court agrees with Ingino that this evidence is not intrinsic since evidence of prior drug transactions does not directly prove that Ingino sold drugs to the victims in the instances charged in the indictment, nor were the transactions performed contemporaneously with the crimes charged. Nevertheless, the court finds that this evidence is permissible under Rule 404(b), since it has a proper purpose in that the government has represented it intends to use it to prove identity, intent, opportunity, and knowledge; it is relevant pursuant to Rules 401 and 402; and it is not unduly prejudicial under Rule 403.

Notably, with regard to 404(b) evidence, "the burden on the government is not onerous," and as long as there "is *some* showing of a proper relevance," it is permissible. *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992). Here, the government has advanced several reasons for

the relevance of this evidence, none of which are for the impermissible inference that, because Ingino committed drug offenses in the past, he is therefore more likely to have committed the instance offenses. *Id.* at 887.

To the extent that Ingino argues this evidence is unfairly prejudicial under Rule 403, the court disagrees. "In the context of Rule 403 analysis, . . . '[t]here is no question that, given a proper purpose and reasoning, drug convictions are admissible in a trial where the defendant is charged with a drug offense.'" *United States v. Staten*, 181 Fed.App'x 151, 153-55 (3d Cir. 2006) (quoting *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992)). The Third Circuit has upheld the introduction of evidence of past distribution as relevant to prove knowledge of the same or different drug in a later distribution trial. *See United States v. Givan*, 320 F.3d 452, 461 (3d Cir. 2003); *United States v. Jackson*, 619 Fed.App'x 189, 193 (3d Cir. 2015). This is particularly so here, where the prior transactions purportedly occurred with the same person listed as a victim in one of the counts of the indictment. Accordingly, the government's motion *in limine*, (Doc. 55), is **GRANTED IN PART** with regard to the text message evidence between Ingino and Pasquariello.

As to the Hartman evidence, to the extent that it tends to show that Ingino persisted in drug dealing activity after the deaths of Pasquariello and Donahue, the government's motion, (Doc. 55), will be **DENIED IN PART**. The cases cited by the government hold that evidence of a defendant's *past* drug dealing may be relevant in a drug distribution case. *See Givan*, 320 F.3d at 461; *Jackson*, 619 Fed.App'x at 193. However, the government has not provided any authority suggesting that a defendant's continued drug dealing activities *after* the completion of the crimes charged is relevant. Accordingly, the government will not be permitted to introduce evidence relating to Ingino's alleged drug dealing activities that occurred after the deaths of Pasquariello and Donahue.

Therefore, in light of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 31, 2020**
18-379-03