# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **MANNION, J.**

**V.**     :

**VINCENT JOHN INGINO**     :     **3:CR-18-379**

## DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Vincent Ingino ("Mr. Ingino"), by and through counsel, Shelley L. Centini, Esq., hereby submits his sentencing memorandum in anticipation of sentencing before this Court on July 1, 2020.

## Procedural History / Applicable Sentencing Ranges

On February 10, 2020, Mr. Ingino was convicted of 2 counts of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) following a jury trial before this Court. Mr. Ingino now appears for sentencing.

After hearing approximately one full week of testimony relating to this matter, Mr. Ingino is satisfied this Court is completely familiar with the facts of this case and therefore, will not detail those facts in full.

Mr. Ingino agrees that the guideline sentencing range applicable to his case is 292-365 months.  Mr. Ingino also agrees that a 20-year mandatory minimum applies to each offense. However, given the factors delineated in 18 U.S.C. § 3553 (a), Mr. Ingino respectfully requests the

imposition of 20-year mandatory minimum sentences, running concurrent with each other as opposed to the guideline range.

## 18 USC § 3553 Factors

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

The Nature and Circumstances of the Offense and the
History and Characteristics of the Offender

(A)   Nature and Circumstances of the Offense

The offense conduct was developed through testimony at trial.  Mr. Ingino was a drug user, as were Patrick Pasquariello and Ryan Donahue. Mr. Pasquariello had been a close friend of Mr. Ingino's for many years. Mr. Donahue was a close friend of Mr. Ingino's paramour, Lindsay Hartman and was also friendly with Mr. Ingino.  Mr. Donahue spent the night before his death with Ms. Hartman, and also spent a brief time with Mr. Ingino. Mr. Ingino provided Mr. Pasquariello and Mr. Donahue with a few bags of heroin within the days prior to their deaths.  The heroin Mr. Ingino provided to Mr. Pasquariello and Mr. Donahue was the same heroin both he and Ms. Hartman were using themselves.  Mr. Ingino had absolutely no intent for Mr. Pasquariello or Mr. Donahue to suffer any harm from the drugs he gave them.  Mr. Ingino recalls the bags of heroin he gave to Mr. Pasquariello and

Mr. Donahue possibly had a stamp with a rainbow on it.  The bags of heroin found near Mr. Pasquariello's body were stamped "Captain America."  The bags of heroin found near Mr. Donahue's body were stamped "Rush Hour" and "Raptor."  The heroin in Mr. Pasquariello's system was of a different chemical composition than the heroin in Mr. Donahue's, as was shown in the toxicology reports.  Mr. Pasquariello and Mr. Donahue had been in contact with other drug users/dealers prior to their deaths.

(B)        History and Characteristics of Mr. Ingino

Mr. Ingino is 28 years old.  He is the father of a 3-year old daughter, Haylie Ingino.  Although Mr. Ingino has been incarcerated on these charges since October of 2018, he has remained present in Haylie's life through visits and phone calls.  Haylie's mother, Ms. Hartman, remains supportive of Mr. Ingino's involvement with Haylie and describes Mr. Ingino as a "great father." *PSR,* ¶36.  Mr. Ingino has always been involved in Haylie's upbringing and has contributed financially without need for a support order.

Mr. Ingino was raised in a loving household, was involved in youth sports, and is a high school graduate.  Mr. Ingino has held various forms of employment since he graduated high school, working in restaurants, as a laborer at a stone quarry, and painting.

Mr. Ingino's family and friends have provided letters on his behalf, describing their relationships with him and what lengthy incarceration will mean for Mr. Ingino and his family.   *See Character Letters,* attached collectively as "Exhibit 1."

Mr. Ingino's substance use started socially, and involved typical alcohol and marijuana experimentation and use as a teenager. Mr. Ingino had no addiction issues arising until he was in a car accident in 2009.   As a result of the accident, Mr. Ingino had surgery which required the placement of titanium plates in his face.  As has happened to so many others, Mr. Ingino became addicted to the opiates he was prescribed following this accident. When Mr. Ingino's prescription ran out, he began buying Percocet and other opiate pills on the street.  Mr. Ingino was using prescription opiates daily.  Mr. Ingino made an attempt at recovery in 2014 by attending inpatient treatment at Keenan House in Allentown.  However, Mr. Ingino did not follow up with any outpatient treatment and ultimately relapsed.  Mr. Ingino continued using opiate pills until 2015.  At that point, his opiate addiction became so severe that he began using heroin.  Mr. Ingino used heroin every day until his arrest in 2018.

In Lackawanna County prison, Mr. Ingino has been prescribed medication for depression.  He also has been involved in the DATS program

and has completed educational programming with Outreach at the prison.

*See Certificates,* attached collectively as "Exhibit 2."

The Need for the Sentence Imposed to Promote
<u>Certain Statutory Objectives</u>

> (A)  to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for <u>the offense</u>

Mr. Ingino's sentencing exposure for providing a few bags of heroin to friends who were also drug addicts resulting in their accidental deaths is 40 years in federal prison.  The possibility of receiving such a sentence most certainly reflects the seriousness of the offense and promotes respect for the law.

> (B)  <u>to afford adequate deterrence to criminal conduct</u>

Mr. Ingino was a drug addict who shared his drugs with other addict friends.   Those friends then accidentally overdosed and died. This horribly tragic scenario has led to Mr. Ingino finding himself up against the full weight of the federal government and having a mandatory minimum 40-year sentencing exposure.  Other addicts, users, and dealers who learn of the legal position Mr. Ingino finds himself in as a result of this tragedy should be sufficiently deterred from similar conduct.

(C)   <u>to protect the public from further crimes of the defendant</u>

The absolute least amount of time Mr. Ingino will serve on this case is 20 years of incarceration.  Twenty years from now, Mr. Ingino will not be the same young man he is today, or even the same young man he was 2 years ago when he was arrested.  With twenty years of sobriety imposed on Mr. Ingino, there is little risk that when he is released he will be the same man he was, suffering from the same addiction.  Mr. Ingino's lengthy incarceration will be followed by at least 3 years of supervised release during which time, the Government will be monitoring Mr. Ingino's whereabouts and conduct.

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional <u>treatment in the most effective manner</u>

Mr. Ingino is open to any avenue of education, vocational training, or correctional treatment.  In fact, because of his substance abuse disorder, undersigned counsel believes Mr. Ingino would be a candidate for the RDAP program and requests the Court recommend him to that program.

<u>The Kinds of Sentences Available</u>

(A)   The Sentencing Range Established by the Sentencing <u>Commission</u>

Mr.  Ingino's sentencing range calls for total incarceration.  Mr. Ingino respectfully requests the court vary from the guideline range of 292-365

months of incarceration and impose the 20-year mandatory minimum sentence on each count, running concurrent with each other.

The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

Drug delivery resulting in death can be prosecuted either in state or federal court.  In fact, Mr. Ingino's case originated in state court before the federal government took special interest and decided to initiate a federal prosecution.

In state court, Mr. Ingino's sentencing guideline range for each of the counts of Drug Delivery Resulting in Death would be no more than 72-90 months incarceration.[1]

Because in federal court a mandatory minimum of 20 years applies, there is no real sentencing disparity among federal defendants convicted of the same conduct, unless a defendant's guideline range is higher than the mandatory minimum (such as in Mr. Ingino's case) and the guideline range is the sentence imposed.

---

[1] Mr. Ingino was charged in state court with two counts of Drug Delivery Resulting in Death 18 Pa.C.S. § 2506(a) for the deaths of Mr. Pasquariello and Mr. Donahue.  This offense has a gravity score of 13.  Given Mr. Ingino's prior record as listed in the PSR, his prior record score in state court would be no more than a 2.  The sentencing range would be 72-90 months for each count.

The greater sentencing disparities occur between defendants convicted of the same offense conduct in state court vs. federal court.  This disparity is not only illustrated by Mr. Ingino's own sentencing range if he was convicted in state court, but it is also illustrated by the sentences received in state court by others who committed similar conduct.

For example, in March of 2019 in Luzerne County Court of Common Pleas, a defendant was sentenced to 6-16 years in prison for Drug Delivery Resulting in Death where he sold 2 packets of heroin laced with fentanyl to a man who later overdosed and died.  *See Newspaper Article,* attached hereto as "Exhibit 3."

Also in March of 2019, two women were charged in Wayne County with Drug Delivery Resulting in Death of another woman who provided transportation to and from Paterson, New Jersey for the women to buy heroin.  The woman died of an overdose of heroin laced with fentanyl. Ultimately, the charges of Drug Delivery Resulting in Death were nolle prossed against both women and they pled guilty to lesser charges.  One woman was sentenced to 12-60 months less one day and the other woman was sentenced to 6-60 months less one day.  *See Newspaper Article and Docket Sheets,* attached collectively as "Exhibit 4."

The sentencing disparity in cases like this occurs as soon as the federal government decides it wishes to prosecute what was a state court prosecution.   Mr. Ingino understands that this Court is bound by law to sentence him to no less than 20 years.   However, Mr. Ingino is asking this Court to sentence him to no more than 20 years.  Given the disparity between other defendants similarly situated yet prosecuted by the state, as well as what Mr. Ingino's sentencing range would be had he been convicted in state court, a 20 year sentence would be sufficient, but not greater than necessary, to comply with the purposes of the Sentencing Code.

The Need to Provide Restitution to Any Victims of the Offense

There is no restitution specified in the PSR.

## **Conclusion**

Mr. Ingino requests a sentence of not more than the 20-year mandatory minimum on each count, run concurrently with each other.  Mr. Ingino also requests this Court recommend him to the RDAP program.


Respectfully Submitted,
/s/ Shelley L. Centini, Esquire
Attorney for Defendant
88 North Franklin Street
Wilkes-Barre, PA 18701

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :       NO.  3:18-cr-379

               V.                                        :

VINCENT JOHN INGINO,                      :
            Defendant
                               :       (Judge Mannion)

## CERTIFICATE OF SERVICE

SHELLEY L. CENTINI, ESQ., hereby certifies that on June 30, 2020, she served a copy of Defendant's Sentencing Memorandum on Michelle Olshefski, Esq., counsel for the United States via this Court's electronic filing system.

Respectfully Submitted,

S/ Shelley L. Centini, Esq.
88 North Franklin Street
Wilkes-Barre, PA  18702
(570) 829-4860
Attorney for Defendant